EMIL S. HEINEMAN ET AL. v. ALBERT STEIGER.

*Trover for goods obtained by deceit.*

1. Trover lies for goods obtained by defendant through fraud or deceit practiced on plaintiff; and the plaintiff need not have accepted every statement as literally true or count on any precise words. And fraud outside of any written statement made, may be considered by the jury.

2. In trover for goods sold upon representations by the purchaser as to his solvency, the jury have no right to assume that the plaintiff did not rely on the representations in making sale, if there is testimony to support his claim that he did, and none to the contrary.

Error to Macomb. (Stevens, J.)   June 13.—June 18.

TROVER.   Plaintiffs bring error.   Reversed.

*Levi T. Griffin* (*Griffin & Warner*) for appellants.   A jury must not disregard its instructions: *Gibson v. Troutman* 9 Ill. App. 94; *Robertson v. Dodge* 28 Ill. 161; *Evans v. George* 80 Ill. 51; *Swan v. People* 98 Ill. 610; *Jourdon v. Reed* 1 Ia. 135; *Carlin v. C. &c. R. R. Co.* 37 Ia. 317; *Smith v. Slocum* 62 Ill. 354; *Grand Chute v. Winegar* 15 Wall. 355; *Jewell v. Parr* 13 C. B. 909.

*Silas B. Spier* and *N. B. Eldredge* for appellee.   A sale cannot be treated as void for the purchaser's fraud in making a statement as to his reliability, if he made it intending to pay for the goods and believing his statement to be substantially true but not received as a precise one, and if he had no intent to deceive: Addison on Torts 1005 (1175); *Ormod v. Huth* 14 M. & W. 664; *Marsh v. Falker* 40 N. Y. 562; *Weed v. Case* 55 Barb. 534; *McCrackan v. Cholwell* 4 Seld. 133; *Patton v. Campbell* 70 Ill. 72; Bigelow on

Fraud 1, 37; Sackett on Ins. to Juries 156; *Oswego Starch Factory v. Lendrum* 57 Ia. 573; Cooley on Torts 501; *Eames v. Morgan* 37 Ill. 260; *Nelson v. Taylor* 46 How. Pr. 355; *Stone v. Denny* 4 Met. 151.; *Avery v. Chapman* 62 Ia. 144; *Houghtaling v. Hills* 59 Ia. 287; Ker on Fraud 57; Bishop on Contracts §§ 191–4, 197–9, 203, 4–15–17, 23; *Beebe v. Knapp* 28 Mich. 53; *Stone v. Covell* 29 Mich. 359.

CAMPBELL, J.   Plaintiff brought trover against defendant for the conversion of certain goods, the ground of the claim being that he obtained them by false pretenses and representations.   As the declaration is not specially framed on the representations, but treats the transaction as one which made the sale voidable for such fraud as entered into it, the errors assigned must be considered in the light of the record as made up.

The admitted facts are that defendant who was a dealer in mixed goods at Mt. Clemens had, previous to October 19, 1881, purchased clothing of plaintiffs on different occasions on credit, and at that time one note of $139.75 was nearly due, and others of amounts not very different were to become due at various times within the next three months, making, together with the one referred to, something more than $500.   On the 19th of October, 1881, defendant came to plaintiff's store in Detroit and selected about $300 worth of goods.   Plaintiffs desired him to give them a written statement of his affairs, which was taken down from his representations and signed.   This gave his resources as follows : Stock in store, $8000 ; collectible claims, $900 ; thus making an aggregate of $8900.   He gave his debts as being $1700 to Edson, Moore & Co.; $700 to A. R. & W. F. Linn ; $300 to various boot and shoe dealers ; $800 to plaintiffs ; $300 for sundry small articles, and $200 to bank.   He further stated that he owed not to exceed $4000, and had not given and did not intend to give any chattel mortgage or security to anybody, and was insured between $3000 and $4000.   The statement then proceeded : "I make this statement as being true, and for the purpose to obtain credit for goods of Heine-

man, Butzel & Co.; also that they will accept my notes after some of my open account is past due."

On that day the plaintiffs sold him goods to the amount of $300.50, on four months' time, and afterwards sold him some small bills of no great amount. The sales were at regular wholesale market prices. Plaintiffs, by the two who were present at the time, swore the sales were made in reliance on this statement.

It appeared on the trial and was not contradicted, that at this time, in addition to purchases made on that same day, the exact hour of which is uncertain, he owed Edson, Moore & Co. very nearly $2200, and the Linns about $300 beyond what he stated. He also owed his father-in-law $600, with interest since some time in 1879. There was testimony also tending to show that his assets were much less than he stated.

He paid plaintiffs the notes for the older debts during the year 1881 and January, 1882, but made no payment on the October purchase, which fell due in the latter part of February. On the 3d of March he gave his father-in-law, Pontiff Gwinn, a chattel mortgage for $1100 on this stock, which he claimed was made up by the debt of $600, and a balance due Buhl & Co. for advances on straw braid, and he gave Edson, Moore & Co. and the Linns a mortgage for over $4000. There had been purchases of goods since October of over $3000. He says he remained in possession as their agent. They deny that they took possession or employed him as such. They subsequently sold out their debts to Gwinn, the father-in-law, who took a transfer from defendant of the whole establishment for $100, and he sold out to another person.

The testimony concerning this range of transactions had more or less tendency to show the falsehood of the October statement, and was claimed to show fraudulent purposes and acts beyond this.

Defendant did not dispute the falsehood of the written statement, but undertook to explain it by saying that he gave the plaintiffs to understand it was not a correct statement, and that he would rather examine his books and give

a correct one, but that they said they knew it was not correct, and they merely wanted him to sign it. He denied any wrong intent, but said he meant to give a statement as near as he could, and to do so for the purpose of getting the goods.

Objection was taken to the admission of several answers concerning his particular intentions, and to the exclusion of some questions propounded. The chief exceptions however go to the charge, which is claimed to be misleading and contradictory to other rulings.

The court after setting out the fact that the statement was made, and that it was untrue in several particulars named which were held to be material, told the jury that defendant was bound by it as made, whether he knew it was false or not.

The judge then proceeded to charge the jury that if plaintiffs sold the goods and gave the credit, relying and acting on the truth of the statement, and that it was made by defendant, as he states it was, for the purpose of enabling him to get the goods on credit, plaintiffs were entitled to recover their value.

But he then told them that if they should conclude the plaintiffs did not rely upon the truth of the statement, and were not misled or deceived by such statement and induced thereby to part with the possession of the goods, their verdict should be for the defendant.

We think this charge was not correct. There was no testimony whatever from which the jury had a right to assume the plaintiffs did not make this statement, and its truth, in substance at least, a condition of the sale. Their testimony is positive and unequivocal as to their own understanding. Defendant swears that it was given by him and made as correct as possible, because they required it, and in order to get the goods. It cannot be fairly inferred from his testimony that they were not made to believe it was substantially correct, although not absolutely so. There was no testimony tending to show that he made any subsequent effort to undeceive them before he made the chattel mortgage to Gwinn,

which he testifies he not only prepared and executed without any desire or request from him, but made it for about $500 more than he owed Gwinn, without any previous understanding as to its execution or purpose. Under this charge it is impossible to reconcile the verdict of the jury with its first instructions, without assuming that there could be no recovery unless plaintiffs supposed the statement was literally and not merely substantially correct. The judge treated it as if this had been a special declaration on a written instrument which was not literally proved, and as if this was the only ground of redress. But upon all the facts there was room for examining into all the circumstances collateral to the statement, as well as the statement itself.

There was no room for contending that plaintiffs did not receive this statement as a basis of credit, or that defendant did not intend it for that purpose. This is not merely recited in the paper, but it is shown by defendant himself. In an action based on legal or actual deceit, and not counting on any precise words, if the plaintiffs are substantially misled by fraud to their injury they have a right to complain, even though they do not suppose every averment made to them is literally true. And if there was fraud outside of the mere falsehood of the written statement, there is no legal reason why it should be eliminated from its surroundings.

The judgment must be reversed and a new trial granted.

The other Justices concurred.